UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALD L. JENSEN,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

Civil No. 01-851 (JRT/SRN)

**ORDER**

Petitioner, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, has filed an application for habeas corpus relief, which purportedly is brought under 28 U.S.C. § 2254. However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States Districts Courts and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District. Because Petitioner has not complied with the applicable Rules, the Court is unable to identify each individual ground for relief that Petitioner is attempting to advance or the factual and legal basis for each such ground. Petitioner has also failed to provide the required information about his prior criminal proceedings. This information is necessary in order to determine whether the petition can properly be entertained by this Court.

Furthermore, it is not clear whether Petitioner is challenging the validity of a state court judgment, or he is claiming to be incarcerated without any judgment having been entered against him. His petition specifically indicates that he is seeking relief under 28 U.S.C. § 2254(b), which is the statutory mechanism for challenging a state court judgment. At the same time, however, he claims that he has been incarcerated without "receiv[ing]

FILED MAY 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

any DUE PROCESS," which suggests that he is not challenging the validity of a state court judgment, but is claiming instead that he has been incarcerated without receiving the benefit of any type of court hearing or proceeding. If Petitioner is challenging a state court conviction, he must use the prescribed habeas petition form for actions brought under 28 U.S.C. § 2254. If he is not challenging the validity of a conviction, but is seeking relief from custody on some other ground(s), then he must use the form for proceedings brought under 28 U.S.C. § 2241.

Because Petitioner has not complied with the applicable federal and local rules, his current petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Districts Courts. The Clerk will be directed to provide Petitioner with a copy of the prescribed forms for both a § 2254 petition and a § 2241 petition, and Petitioner will be granted an opportunity to file an Amended Petition on the proper form. Each individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form. If Petitioner fails to submit a new petition on the proper form by June 15, 2001, it will be recommended that the action be dismissed without prejudice for failure to prosecute.[1]

Petitioner may file a memorandum in support of his Amended Petition, (if he chooses to amend), but any such memorandum should only explain the claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a

---

[1] If Petitioner is challenging a conviction entered in a state other than Minnesota, he should not seek habeas corpus relief in this district. Instead, he should allow this action to be dismissed without prejudice, and then file a new § 2254 petition in the federal district court for the district in which his state court conviction occurred.

memorandum, and not listed in the Amended Petition itself, will not be considered.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition (Docket No. 1) to Petitioner, together with a blank copy of the habeas corpus petition forms that are to be used in this District for actions brought under 28 U.S.C. §§ 2241 and 2254.

2. The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

3. Petitioner shall have until June 15, 2001, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and the Rules of this Court. Petitioner may submit a separate memorandum setting forth legal arguments in support of his claims, but each individual claim for relief must be specifically identified on the face of the Amended Petition itself.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: May 23, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge